IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIE J. JONES, | ) | CIV. NO. 06-00531 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF TRANSFER |
| vs. | ) | |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF TRANSFER**

Plaintiff Willie J. Jones, a Hawaii inmate presently incarcerated at Halawa Correctional Facility ("HCF"), has filed a *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1]  For the following reasons, Jone's Complaint is TRANSFERRED to the United States District Court for the Northern District of Mississippi for lack of venue.

**BACKGROUND**

Jones alleges that, while he was incarcerated at the Florence Correctional Facility ("FCF"), located in Florence, Arizona, he was infected with "Valley fev[e]r."  (Compl. 4 ¶ 3.) He claims that Dr. Mike Green, an FCF physician, failed to correctly diagnose his condition, resulting in "dead tissue with organisms growing on [his] spine."  (Id.)

---

[1] Jones has paid the filing fee for this action and is not proceeding *in forma pauperis*.

Jones states that he was then transferred to Tallahatchie County Correctional Facility ("TCCF"), located in Tutwiler, Mississipi, where he attempted to obtain medical attention for his condition for approximately one and a half months. He says that he wrote to Warden Parker about his inability to obtain treatment, but received no response. Jones was finally seen by Dr. W.B. Johnson, a TCCF physician, who he alleges also misdiagnosed his condition.

Jones claims that, when he was finally transferred back to Hawaii, he was correctly diagnosed and underwent surgery to correct the problem.

Jones names TCCF Warden Robert Parker, TCCF physician, Dr. W.B. Johnson, and FCF physician, Dr. Mike Green, as Defendants in their official and individual capacities.[2] (Compl. 2.) He seeks $8.5 million from each defendant in compensatory damages, and $8.5 million from each defendant in punitive damages.

## DISCUSSION

As a preliminary matter, this Court must look to the propriety of bringing this action in the District of Hawaii. When jurisdiction is not founded solely on diversity, such as in

---

[2] Although Jones names the Corrections Corporation of America ("CCA") in the caption of his Complaint, he names only Parker, Green, and Johnson in the body of his Complaint, and he seeks recovery for his allegations against only Parker, Green, and Johnson. It does not appear, therefore, that Jones intends that CCA is a defendant to this action.

an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); see also Ziegler v. Indian River County, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); Flanagan v. Shively, 783 F. Supp. 922, 935-937 (M.D. Pa. 1992).  Venue may be raised by the court sua sponte when the defendant has not yet filed a responsive pleading and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Jones's Complaint fails to allege any reason why this action should be litigated in this Court.  Jones's claims arise from the allegedly improper medical care he received, first at FCF in Arizona, and then at TCCF in Mississippi.  None of the named Defendants reside in Hawaii.  This action is more properly brought in a district where the events or omissions complained of took place or where the individuals who may be responsible reside.

When an action is filed in the wrong district, the district court may dismiss the action, or, for the convenience of parties and witnesses, as well as in the interests of justice, the

district court may use its discretion to transfer a civil action to any other district where it might have been properly brought. 28 U.S.C. § 1404(a).  Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer instead of dismissal.  <u>See</u>, e.g., <u>King v. Russell</u>, 963 F.2d 1301, 1305 (9th Cir. 1992).  Ordinarily, transfer, rather than dismissal, will be in the interests of justice "because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'"  <u>Miller v. Hambrick</u>, 905 F.2d 259, 262 (9th Cir. 1990) (citing <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1406)).

Here, the issue arises as to where this Court should transfer this action if the interests of justice so requires, Arizona or Mississippi.  Turning to Jones's specific claims, the Court finds that, because Jones fails to state a claim against Dr. Green, located in Arizona, justice requires that this action be transferred to the United States District Court for the Northern District of Mississippi, in the district that TCCF is located.  <u>See</u> 28 U.S.C. § 1391(b)(2).

    A.   <u>Jones Fails to State a Claim Against Green or Johnson.</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

4

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Jones claims that both Dr. Green, in Arizona, and Dr. Johnson, in Mississippi, misdiagnosed his condition, and these misdiagnoses were not corrected until he was transferred back to Hawaii.  Jones believes that this violated the Eighth Amendment's prohibition against cruel and unusual punishment.

"[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To prevail upon an Eighth Amendment claim against a prison official an inmate must meet two requirements, "one objective and one subjective."  Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000)(citation omitted).  "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities.  The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference."  Lopez, 203 F.3d at 1133 (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Lopez, 203 F.3d at 1131.  However, a claim "that a physician has been negligent in

5

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Jones's claims against Drs. Green and Johnson, that they each misdiagnosed his condition, are insufficient to state a claim against them for deliberate indifference to his serious medical needs. He makes no allegations that Drs. Green and Johnson deliberately misdiagnosed him with the intent to inflict pain or suffering. Because Jones claims that he was denied medical care for his condition for a month and a half after he arrived at TCCF in Mississippi, and that he sought help from Warden Parker which were ignored, claims against Warden Parker, however, state a claim. As such, venue appears proper in Mississippi.

The Court notes the difficulty the typical *pro se* prisoner often has in preparing his complaint and in getting it to the courts. It would seem particularly harsh for the Court to dismiss this action with instructions to refile, particularly here, when Jones has paid the $350 filing fee and does apparently state a claim. See Miller, 905 F.2d at 262 (holding that the

district court abused its discretion by failing to determine whether transfer would have been in the interests of justice).

## CONCLUSION

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), the Clerk of Court is directed to TRANSFER this action to the United States District Court for the Northern District of Mississippi.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 16, 2006.



  /s/ Helen Gillmor
Chief United States District Judge

JONES v CORRECTIONS CORP. OF AMERICA, et al., Civ. No. 06-00531 HG-LEK; ORDER OF TRANSFER;dmp/ Trsfr or Venue/ Jones 06-531